E-FILED
Wednesday, 26 November, 2014 05:12:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS SCOTT, | ) |
| Plaintiff, | ) |
| v. | ) 14-CV-3229 |
| GREGG SCOTT, et al., | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C.

§ 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*.

On July 9, 2014, Plaintiff was attempting to exit a transport van by stepping down, shackled, on to a light-weight stepping stool. The stool flew out from under Plaintiff, causing Plaintiff to fall, hit his head, injure his back, and bruise his knees and elbows. The guards allegedly laughed at Plaintiff and delayed unshackling Plaintiff to help Plaintiff stand up. Plaintiff alleges that the laughter and delay were in retaliation for Plaintiff's pending case against

other officers. Plaintiff alleges that Defendants Scott and Parsons had been informed that the stepping stool presented a hazard but had failed to take any action. Plaintiff also alleges that he put in requests to see Dr. Lochard in July of 2014, but that Dr. Lochard refused to see Plaintiff.

**ANALYSIS**

Plaintiff's claim arising from his fall is a state law claim for negligence, not a claim for the violation of the U.S. Constitution. The Constitution is concerned only with risks that present a *substantial* risk of *serious* harm—risks "that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." Christopher v. Buss, 384 F.3d 879, 882 (7th Cir.2004). This standard applies whether the plaintiff is a prisoner or a detainee, like Plaintiff. Smith v. Sangamon County Sheriff's Dep't., 715 F.3d 188, 191 (7th Cir. 2013); Brown v. Budz, 398 F.3d 904, 910 (7th Cir. 2005).

For example, the Seventh Circuit recently upheld the dismissal at the screening stage of a prisoner's claim that a warden had "knowingly turned a blind eye" to a safety hazard posed by stairs to the showers because the stairs became "dangerously slick" from

water and the prison shower shoes lacked traction.  Pyles v. Fahim, --- F.3d ---, 2014 WL 5861515 (7th Cir. 2014).  The prisoner had filed an emergency grievance to the warden warning of the hazard, but he received no response.  As the prisoner feared, one day he slipped and fell down the wet stairs, hit his head, lost consciousness, and was temporarily paralyzed and hospitalized.  Id. at *1.

The Seventh Circuit in Pyles affirmed dismissal of the claim against the warden at the screening stage, "agree[ing] with the central point of the district court's analysis:  The hazard about which Mr. Pyles complains is not sufficiently serious to invoke the Eighth Amendment.  Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement."  Id. at *6.

Similarly, in Christopher v. Buss, 384 F.3d 879 (7th Cir. 2004), the Seventh Circuit affirmed dismissal at the screening stage of a prisoner's claim that prison officials were deliberately indifferent to an unsafe softball field.  Though the prisoner had suffered permanent eye damage, the Seventh Circuit held that, as a matter

of law at the screening stage, a "subpar" softball field was simply not an objectively serious condition under constitutional standards. *See also* Gray v. McCormick, 281 Fed.Appx. 592 (7th Cir. 2008)(not published in Federal Reporter)(affirming dismissal at screening stage of prisoner's claim that a loose shower seat in prison did not pose a substantial risk of serious harm, even though defendants had known about the loose seat for some time and the plaintiff had fallen, cutting his foot, and requiring a tetanus shot).

Plaintiff might have a state law claim for negligence—that the defendants' alleged failure to exercise ordinary care caused him harm. But negligence, even gross negligence, is not a constitutional violation. Rosario v. Brawn, 670 F.3d 816, 821 (7th Cir. 2012). And, this Court lacks jurisdiction over Plaintiff's possible state law claim for negligence. Negligence claims against the State must be pursued in the Illinois Court of Claims. Loman v. Freeman, 229 Ill.2d 104, 113 (2008)("Where the alleged negligence is the breach of a duty imposed on the employee solely by virtue of his state employment, the Court of Claims has exclusive jurisdiction.").

As for Plaintiff's retaliation claim, the allegations are too conclusory to allow an inference that Defendants' laughter and

slowness in removing Plaintiff's shackles were in retaliation for a pending lawsuit. McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011)("legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to [the] presumption of truth"); Brooks v. Ross, 578 F.3d 574 (7th Cir. 2009)("[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory statements.")  Plaintiff's pending lawsuit, Scott v. Smith, 13-CV-3157 (C.D. Ill.) was filed in May, 2013, more than one year before the incident in this case, and names different defendants than the defendants named in this lawsuit.  No plausible inference arises from the facts alleged that the Defendants in this case knew about the lawsuit much less were motivated by the lawsuit.  Further, though Defendants should have moved quickly to help Plaintiff after his fall and should not have laughed at him, that kind of juvenile behavior does not violate the Constitution.  See Sankoh v. Mukasey, 539 F.3d 456, 467 (7th Cir. 2008)("[D]ue process does not constitutionalize good manners."). The officers' inconsiderate behavior was not objectively serious enough to support a constitutional retaliation claim.  Bridges v.

Gilbert, 557 F.3d 541, 552 (7th Cir. 2009)(alleged adverse action must have been sufficiently severe to "deter a person of ordinary firmness" from exercising First Amendment rights)(quoted cite omitted).

Lastly, Plaintiff alleges that Dr. Lochard refused to see Plaintiff in July of 2014. However, Plaintiff does not name Dr. Lochard as a Defendant. Nor does Plaintiff explain the extent of his injuries or the treatment that Plaintiff thought he should have received from Dr. Lochard. No allegations suggest that the named Defendants impeded or denied him access to medical treatment in any way.

For the reasons above, the Court concludes that Plaintiff's present complaint does not state a federal claim for relief. In the Court's opinion, no amended complaint could cure the defects, except for possibly Plaintiff's claim about the lack of medical care for his injuries. However, whether Plaintiff intends to pursue such a claim is unclear. He lists no medical staff as defendants, nor does he describe what his serious medical needs were or who he told about his serious medical needs. A constitutional claim for lack of medical care requires facts which allow a plausible inference that a

defendant knowingly disregarded a serious medical need. <u>Sain v. Wood</u>, 512 F.3d 886, 893 (7th Cir. 2008).

At this point, the complaint will be dismissed and this case will be closed, but Plaintiff will be given an opportunity to file a motion to reopen if he does intend to pursue a claim for deliberate indifference to his serious medical needs.

**IT IS ORDERED:**

1. Plaintiff's petition to proceed in forma pauperis is denied (3) because Plaintiff's complaint fails to state a federal claim.
2. This case is closed.
3. Plaintiff's pending motion for counsel and motion to correct the name of a defendant are denied as moot (4, 5).
4. Within 30 days from the entry of this order, Plaintiff may file a motion to reopen this case, attaching an amended complaint in accordance with this opinion. If Plaintiff does not file a motion to reopen within 30 days, this case will remain closed and a judgment will enter. Plaintiff may appeal to the Seventh Circuit Court of Appeals by filing a notice of appeal in this Court within 30 days of the entry of the judgment and by

paying the appellate filing fee or filing a petition to appeal in forma pauperis.

5. The clerk is directed to close this case and to enter a judgment in 30 days from the entry of this order if Plaintiff has not filed a motion to reopen.

ENTERED: 11/26/2014

FOR THE COURT:

                              **s/Sue E. Myerscough**
                              SUE E. MYERSCOUGH
                    UNITED STATES DISTRICT JUDGE